Filed 10/31/24  P. v. Mendoza CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD MENDOZA,<br><br>    Defendant and Appellant. | F087601<br><br>(Super. Ct. Nos. F22909007, F23904570)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Gabriel L. Brickey, Judge.

Rudolph Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

In December 2022, the Fresno County District Attorney charged defendant Edward Mendoza with unlawful driving or taking a vehicle (Veh. Code, § 10851,

---

[*] Before Levy, Acting P. J., Smith, J. and Snauffer, J.

subd. (a); count 1), resisting an executive officer (Pen. Code, § 69; count 2), resisting, obstructing, or delaying a peace officer or EMT (Pen. Code, § 148, subd. (a)(1); count 3), campus disruption (Pen. Code, § 626.6, subd. (a); count 4), giving false information to a police officer (Pen. Code, § 148.9, subd. (a); count 5), and public intoxication (Pen. Code, § 647, subd. (f); count 6).  The trial court, relying on a detailed report from a court-appointed psychiatrist who examined and assessed Mendoza, found he was not competent to stand trial and ordered him committed to the Department of State Hospitals for no more than two years.[1]  Mendoza's notice of appeal states he appeals from the court's order finding him incompetent to stand trial.

Mendoza's appointed appellate counsel has filed a brief raising no arguable appellate issues.  He has asked us to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel acknowledges *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1025–1026 (*Blanchard*), which held that *Wende* procedures are inapplicable to an appeal from a proceeding adjudicating a defendant incompetent to stand trial.  Instead, the appellate procedures established by our Supreme Court in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) apply.  Counsel asserts *Blanchard* was wrongly decided but gives us no reason to disagree with it.  We shall follow it.

Under *Blanchard* and *Ben C.*, upon the filing of an appellate brief that does not identify any arguable issues and the allowance of time for the appellant to file a supplemental brief, we may exercise our discretion to retain the appeal or dismiss it on our own motion.  (*Ben C., supra,* 40 Cal.4th at p. 544 & fns. 6, 7.)  Counsel informed Mendoza of his right to file a supplemental brief within 30 days of the date of counsel's no-issue brief and so did we.  That time has lapsed, and Mendoza has filed no brief.

---

[1] Mendoza was found incompetent to stand trial on August 10, 2023, and was committed to the Department of State Hospitals on December 20, 2023.

Even though we do not have to conduct an independent review of the record, we nevertheless will exercise our inherent discretion to do so. Our review reveals no arguable issues. The finding that Mendoza was incompetent to stand trial is supported by substantial evidence, and the commitment ordered by the trial court is authorized by law. Mendoza was at all times represented by competent counsel.

## DISPOSITION

The trial court's order finding Mendoza incompetent to stand trial is affirmed.